Garrett Charity, Esq.
Garrett.Charity@MccarthyLawyer.com
McCarthy Law PLC
4250 N. Drinkwater Blvd., Ste. 320
Scottsdale, Arizona 85251
Phone: 602-456-8900
Fax: 602-218-4447
Attorney for Plaintiff

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TANYA DRAGOO,<br><br>    Plaintiff,<br><br>v.<br><br>SYNCHRONY BANK; EXPERIAN INFORMATION SOLUTIONS, INC.; EQUIFAX INFORMATION SERVICES LLC, and TRANSUNION LLC,<br><br>    Defendants. | Case No.: 2:23-at-424<br><br>**Complaint for Damages:**<br>1. **Violation of Fair Credit Reporting Act**<br>2. **Violation of California Rosenthal Fair Debt Collection Practices Act** |

Plaintiff, Tanya Dragoo, by and through undersigned counsel, upon information and belief, hereby complains as follows:

## I.   INTRODUCTION

1. This action arises out of Defendants' violations of the Fair Credit Reporting Act ("FCRA") and the California Rosenthal Fair Debt Collection Practices Act ("RFDCPA") whereby Plaintiff discovered inaccurate information reporting on her consumer credit reports, disputed that inaccurate information, and Defendants willfully or negligently refused to correct the inaccurate information on Plaintiff's consumer credit report, damaging Plaintiff.

## II.   PARTIES

2. Plaintiff is, and was at all times hereinafter mentioned, a resident of the

1  County of Sacramento, California.

2      3.    At all times pertinent hereto, Plaintiff was a "consumer" as that term is
3  defined by 15 U.S.C. §1681a(3).

4      4.    Defendant, Synchrony Bank ("Synchrony") is and at all times relevant
5  hereto was, a lending institution regularly doing business in the State of California.

6      5.    At all times pertinent hereto, Defendant Synchrony is a "person" as that term
7  is defined in 15 U.S.C. §1681a(b) and Cal. Civ. Code § 1788.2(g), and also a "furnisher"
8  of credit information as that term is described in 15 U.S.C. §1681s-2 *et seq.*

9      6.    Defendant Synchrony was at all relevant times engaged in the business of
10 attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5) and Cal.
11 Civ. Code § 1788.2(d).

12     7.    Defendants Synchrony is a "debt collector" as defined by 15 U.S.C. §
13 1692a(6) and Cal Civ. Code § 1788.2(c).

14     8.    Defendant, Experian Information Solutions, Inc. ("Experian"), is a credit
15 reporting agency, licensed to do business in California.

16     9.    Defendant Experian is, and at all times relevant hereto was, regularly doing
17 business in the State of California.

18     10.    Experian is regularly engaged in the business of assembling, evaluating, and
19 disbursing information concerning consumers for the purpose of furnishing consumer
20 reports, as defined in 15 U.S.C. §1681a(d), to third parties.

21     11.    Experian furnishes such consumer reports to third parties under contract for
22 monetary compensation.

23     12.    At all times pertinent hereto, Defendant Experian was a "person" and
24 "consumer reporting agency" as those terms are defined by 15 U.S.C. §1681a(b) and (f).

25     13.    Defendant, Equifax Information Services LLC ("Equifax"), is a credit
26 reporting agency, licensed to do business in California.

27     14.    Defendant Equifax is, and at all times relevant hereto was, regularly doing
28 business in the State of California.

15. Equifax is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. §1681a(d), to third parties.

16. Equifax furnishes such consumer reports to third parties under contract for monetary compensation.

17. At all times pertinent hereto, Defendant Equifax was a "person" and "consumer reporting agency" as those terms are defined by 15 U.S.C. §1681a(b) and (f).

18. Defendant, TransUnion LLC ("TransUnion"), is a credit reporting agency, licensed to do business in California.

19. Defendant TransUnion is, and at all times relevant hereto was, regularly doing business in the State of California.

20. TransUnion is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. §1681a(d), to third parties.

21. TransUnion furnishes such consumer reports to third parties under contract for monetary compensation.

22. At all times pertinent hereto, Defendant TransUnion was a "person" and "consumer reporting agency" as those terms are defined by 15 U.S.C. §1681a(b) and (f).

### III.    JURISDICTION AND VENUE

23. That the Court has jurisdiction over this action pursuant to 15 U.S.C. § 1681p, the Fair Credit Reporting Act ("FCRA").

24. Venue is proper in this district pursuant to 28 U.S.C. §1391(b) and as the Plaintiff resides in and the injury occurred in Sacramento County, California and Defendants do business in California.

25. Personal jurisdiction exists over Defendants as Plaintiff resides in California, Defendants have the necessary minimum contacts with the state of California, and this suit arises out of specific conduct with Plaintiff in California.

## IV.     FACTUAL ALLEGATIONS

26. Plaintiff is a consumer who is the victim of inaccurate reporting by Defendants Synchrony, Experian, Equifax and TransUnion (collectively, "Defendants"), and has suffered particularized and concrete harm.

27. Equifax, Experian and TransUnion are the three largest consumer reporting agencies ("CRAs") as defined by 15 U.S.C. §1681a(f).

28. The CRAs' primary business is the sale of consumer reports (commonly referred to as "credit reports") to third parties and consumers.

29. Experian, Equifax and TransUnion have a duty, under the FCRA, to follow reasonable procedures to ensure that the consumer reports they sell meet the standard of "maximum possible accuracy."  15 U.S.C. §1681e(b).

30. Plaintiff discovered a Synchrony account SYNCB/CARE CREDIT DC last four -4949 (the "Account") reporting on her Experian, Equifax and TransUnion credit reports in error.

31. The Account reports a late balance due and owing with a derogatory collection charge-off status in error.

32. During the course of repayment of the Account, Plaintiff entered into a settlement agreement with Synchrony for full and final settlement of Plaintiff's obligation with respect to the Account.

33. In spite of receiving the full benefit of payment in full on the Account, and releasing Plaintiff from liability on the Account, Defendant Synchrony continued, erroneously, to report a balance due and owing with derogatory charge-off status on the Account to Experian, Equifax, and Trans Union.

34. The false information regarding the Account appearing on Plaintiff's consumer report harms the Plaintiff because it does not accurately depict Plaintiff's credit history and creditworthiness.

### PLAINTIFF'S WRITTEN DISPUTE

35. On or about December 14, 2022, Plaintiff sent a written dispute to Experian

("Experian Dispute"), disputing the inaccurate information regarding the Account reporting on Plaintiff's Experian consumer report.

36. On or about December 14, 2022, Plaintiff sent a written dispute to Equifax ("Equifax Dispute"), disputing the inaccurate information regarding the Account reporting on Plaintiff's Equifax consumer report.

37. On or about December 14, 2022, Plaintiff sent a written dispute to TransUnion ("TransUnion Dispute"), disputing the inaccurate information regarding the Account reporting on Plaintiff's TransUnion consumer report.

38. Upon information and belief, Experian, Equifax and TransUnion forwarded Plaintiff's Experian Dispute, Equifax Dispute, and TransUnion Dispute ("Dispute Letters") to Defendant Synchrony.

39. Upon information and belief, Synchrony received notification of Plaintiff's Dispute Letters from Experian, Equifax and TransUnion.

40. Upon information and belief, Synchrony verified the erroneous information associated with the Account to Experian, Equifax and TransUnion.

41. Synchrony failed to conduct an investigation, contact Plaintiff, contact third-parties, or review underlying account information with respect to the disputed information and the accuracy of the Account.

42. Experian, Equifax and TransUnion each did not conduct an investigation, contact Plaintiff, contact third-parties, or review underlying account information with respect to the disputed information and the accuracy of the Account.

43. Upon information and belief, Synchrony failed to instruct Experian, Equifax and TransUnion to remove the false information regarding the Account reporting on Plaintiff's consumer reports.

44. Experian, Equifax and TransUnion employed an investigation process that was not reasonable and did not remove the false information regarding the Account identified in Plaintiff's Dispute Letters.

45. At no point after receiving the Dispute Letters did Synchrony, Experian,

Equifax and TransUnion communicate with Plaintiff to determine the veracity and extent of Plaintiff's Dispute Letters.

46. Experian, Equifax and TransUnion relied on their own judgment and the information provided to them by Synchrony rather than grant credence to the information provided by Plaintiff.

47. The Plaintiff was denied credit and/or refrained from needed credit applications due to the erroneous information associated with the Account.

## COUNT I – EXPERIAN
### FAIR CREDIT REPORTING ACT VIOLATION – 15 U.S.C. §1681e(b)

48. Plaintiff re-alleges and reaffirms the above paragraphs 1-47 as though fully set forth herein.

49. After receiving the Experian Dispute, Experian failed to correct the false information regarding the Account reporting on Plaintiff's Experian consumer report.

50. Defendant Experian violated 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit files Defendant Experian published and maintained concerning Plaintiff.

51. As a result of this conduct, action and inaction of Defendant Experian, Plaintiff suffered damage, and continues to suffer, actual damages, including economic loss, damage to reputation, emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

52. Defendant Experian's conduct, action, and inaction were willful, rendering Defendant Experian liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

53. In the alternative, Defendant Experian was negligent, entitled Plaintiff to recover damages under 15 U.S.C. §1681o.

54. Plaintiff is entitled to recover costs and attorneys' fees from Defendant Experian, pursuant to 15 U.S.C. §1681n and/or §1681o.

## COUNT II – EXPERIAN

### FAIR CREDIT REPORTING ACT VIOLATION – 15 U.S.C. §1681i

55. Plaintiff re-alleges and reaffirms the above paragraphs 1-47 as though fully set forth herein.

56. After receiving the Experian Dispute, Experian failed to correct the false information regarding the Account reporting on Plaintiff's Experian consumer report.

57. Defendant Experian violated 15 U.S.C. §1681i by failing to delete inaccurate information in Plaintiff's credit files after receiving actual notice of such inaccuracies, by failing to conduct lawful reinvestigations, and by failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit files.

58. As a result of this conduct, action and inaction of Defendant Experian, Plaintiff suffered damage, and continues to suffer, actual damages, including economic loss, damage to reputation, emotional distress and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

59. Defendant Experian's conduct, action, and inaction were willful, rendering Defendant liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

60. In the alternative, Defendant Experian was negligent, entitling Plaintiff to recover damages under 15 U.S.C. §1681o.

61. Plaintiff is entitled to recover costs and attorneys' fees from Defendant Experian pursuant to 15 U.S.C. §1681n and/or §1681o.

## COUNT III – EQUIFAX

### FAIR CREDIT REPORTING ACT VIOLATION – 15 U.S.C. §1681e(b)

62. Plaintiff re-alleges and reaffirms the above paragraphs 1-47 as though fully set forth herein.

63. After receiving the Equifax Dispute, Equifax failed to correct the false information regarding the Account reporting on Plaintiff's Equifax consumer report.

64. Defendant Equifax violated 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit files Defendant Equifax published and maintained concerning Plaintiff.

65. As a result of this conduct, action and inaction of Defendant Equifax, Plaintiff suffered damage, and continues to suffer, actual damages, including economic loss, damage to reputation, emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

66. Defendant Equifax's conduct, action, and inaction were willful, rendering Defendant Equifax liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

67. In the alternative, Defendant Equifax was negligent, entitled Plaintiff to recover damages under 15 U.S.C. §1681o.

68. Plaintiff is entitled to recover costs and attorneys' fees from Defendant Equifax, pursuant to 15 U.S.C. §1681n and/or §1681o.

## COUNT IV – EQUIFAX

### FAIR CREDIT REPORTING ACT VIOLATION – 15 U.S.C. §1681i

69. Plaintiff re-alleges and reaffirms the above paragraphs 1-47 as though fully set forth herein.

70. After receiving the Equifax Dispute, Equifax failed to correct the false information regarding the Account reporting on Plaintiff's Equifax consumer report.

71.   Defendant Equifax violated 15 U.S.C. §1681i by failing to delete inaccurate information in Plaintiff's credit files after receiving actual notice of such inaccuracies, by failing to conduct lawful reinvestigations, and by failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit files.

72.   As a result of this conduct, action and inaction of Defendant Equifax, Plaintiff suffered damage, and continues to suffer, actual damages, including economic loss, damage to reputation, emotional distress and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

73.   Defendant Equifax's conduct, action, and inaction were willful, rendering Defendant liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

74.   In the alternative, Defendant Equifax was negligent, entitling Plaintiff to recover damages under 15 U.S.C. §1681o.

75.   Plaintiff is entitled to recover costs and attorneys' fees from Defendant Equifax pursuant to 15 U.S.C. §1681n and/or §1681o.

### COUNT V – TRANSUNION
### FAIR CREDIT REPORTING ACT VIOLATION – 15 U.S.C. §1681e(b)

76.   Plaintiff re-alleges and reaffirms the above paragraphs 1-47 as though fully set forth herein.

77.   After receiving the TransUnion Dispute, TransUnion failed to correct the false information regarding the Account reporting on Plaintiff's TransUnion consumer report.

78.   Defendant TransUnion violated 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit files Defendant TransUnion published and maintained concerning Plaintiff.

79.   As a result of this conduct, action and inaction of Defendant TransUnion,

Plaintiff suffered damage, and continues to suffer, actual damages, including economic loss, damage to reputation, emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

80. Defendant TransUnion's conduct, action, and inaction were willful, rendering Defendant TransUnion liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

81. In the alternative, Defendant TransUnion was negligent, entitled Plaintiff to recover damages under 15 U.S.C. §1681o.

82. Plaintiff is entitled to recover costs and attorneys' fees from Defendant TransUnion, pursuant to 15 U.S.C. §1681n and/or §1681o.

## COUNT VI – TRANSUNION
## FAIR CREDIT REPORTING ACT VIOLATION – 15 U.S.C. §1681i

83. Plaintiff re-alleges and reaffirms the above paragraphs 1-47 as though fully set forth herein.

84. After receiving the TransUnion Dispute, TransUnion failed to correct the false information regarding the Account reporting on Plaintiff's TransUnion consumer report.

85. Defendant TransUnion violated 15 U.S.C. §1681i by failing to delete inaccurate information in Plaintiff's credit files after receiving actual notice of such inaccuracies, by failing to conduct lawful reinvestigations, and by failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit files.

86. As a result of this conduct, action and inaction of Defendant TransUnion, Plaintiff suffered damage, and continues to suffer, actual damages, including economic loss, damage to reputation, emotional distress and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by

the trier of fact.

87. Defendant TransUnion's conduct, action, and inaction were willful, rendering Defendant liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

88. In the alternative, Defendant TransUnion was negligent, entitling Plaintiff to recover damages under 15 U.S.C. §1681o.

89. Plaintiff is entitled to recover costs and attorneys' fees from Defendant TransUnion pursuant to 15 U.S.C. §1681n and/or §1681o.

## COUNT VII – SYNCHRONY
### Fair Credit Reporting Act Violation – 15 U.S.C. §1681s-2(b)

90. Plaintiff re-alleges and reaffirms the above paragraphs 1-47 as though fully set forth herein.

91. After receiving the Dispute Letters, Synchrony failed to correct the false information regarding the Account reporting on Plaintiff's consumer report.

92. Defendant violated 15 U.S.C. §1681s-2(b) by failing to fully and properly investigate Plaintiff's disputes of Defendant Synchrony's representations; by failing to review all relevant information regarding Plaintiff's disputes; by failing to accurately respond to credit reporting agencies; by verifying false information; and by failing to permanently and lawfully correct its own internal records to prevent the re-reporting of Defendant Synchrony's representations to consumer credit reporting agencies, among other unlawful conduct.

93. As a result of this conduct, action, and inaction of Defendant Synchrony, Plaintiff suffered damages, and continues to suffer, actual damages, including economic loss, damage to reputation, emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

94. Defendant Synchrony's conduct, action, and inaction were willful,

rendering Defendant liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

95. In the alternative, Defendant Synchrony was negligent, entitling Plaintiff to recover damages under 15 U.S.C. §1681o.

96. Plaintiff is entitled to recover costs and attorneys' fees from Defendant Synchrony pursuant to 15 U.S.C. §1681n and/or 15 U.S.C. §1681o.

## COUNT VIII – Synchrony

### Rosenthal Fair Debt Collection Practices Act – Cal Civ. Code § 1788.17

97. Plaintiff re-alleges and reaffirms the above paragraphs 1-47 as though fully set forth herein.

98. Synchrony violated the RFDCPA at Cal. Civ. Code § 1788.17 as a debt collector collecting or attempting to collect a consumer debt and failing to comply with the provisions of Sections § 1692e(2)(a) and § 1692e(8), inclusive, of, and shall be subject to the remedies in Section § 1692k of, Title 15 of the United States Code.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff seeks a reasonable and fair judgment against Defendants for willful noncompliance of the Fair Credit Reporting Act and seeks their statutory remedies as defined by 15 U.S.C. § 1681 and demands:

A. Actual damages to be proven at trial, or statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A), of not less than $100 and not more than $1,000 per violation;

B. Punitive damages, pursuant 15 U.S.C. § 1681n(a)(2), for Defendant's willful violation;

C. The costs of instituting this action together with reasonable attorney's fees incurred by Plaintiff pursuant to 15 U.S.C. § 1681n(a)(3); and

D. Any further legal and equitable relief as the court may deem just and proper in the circumstances.

**WHEREFORE**, Plaintiff seeks a reasonable and fair judgment against Synchrony for noncompliance of the Rosenthal Fair Debt Collection Practices Act and seeks remedies as defined by Cal. Civ. Code § 1788.30 and demands:

A. Adjudging that Synchrony violated Cal. Civ. Code § 1788.17;

B. Statutory damages, pursuant to Cal. Civ. Code § 1788.30b, in the amount of $1,000.00;

C. Actual damages to be proven at trial, pursuant to Cal. Civ. Code § 1788.30a;

D. The costs of instituting this action together with reasonable attorneys' fees and costs incurred in this action pursuant to Cal. Civ. Code § 1788.30c;

E. Any further legal and equitable relief as the court may deem just and proper in the circumstances.

Respectfully submitted May 5, 2023.

*/s/Garrett Charity*
Garrett Charity, Esq.
McCarthy Law, PLC
4250 North Drinkwater Blvd, Suite 320
Scottsdale, AZ  85251
Telephone: (602) 456-8900
Fax: (602) 218-4447
Garrett.Charity@mccarthylawyer.com
Attorney for Plaintiff